Chief Justice Hernández and Justices MacLeary, del Toro, and Aldrey concurred.

---

HERNÁNDEZ *v.* PÉREZ ET AL.

APPEAL from the District Court of Mayagüez.

No. 651.—Decided May 19, 1911.

RECOVERY OF VARIOUS DEBTS FROM SEVERAL DEFENDANTS—DEBT UNDER $500—JURISDICTION OF DISTRICT COURTS.—When debts owed by several defendants are included in one action for recovery, no relation of interests existing among said defendants, and one of the claims is for less than $500, the district court lacks jurisdiction to render judgment with respect to that defendant.

PRESCRIPTION—PLEA OF SECTION OF LAW ON PRESCRIPTION—STATEMENT OF FACTS
    CONSTITUTING PRESCRIPTION.—When the facts alleged by a defendant con-
    stitute a defense of prescription it is unnecessary to state the section of the
    law applicable to that case of prescription, although it is better practice
    to do so.
ID.—PERSONAL ACTION TO RECOVER DEBT.—A personal action to recover a liqui-
    dated debt prescribes after 15 years in accordance with the provisions of
    section 1865 of the Civil Code, which are the ones applicable hereto and not
    those of section 1868.

The facts are stated in the opinion.

*Mr. Cayetano Coll y Cuchí* for appellants.

*Mr. José Ramón Freyre* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from the District Court of Mayagüez.
At a public auction held on November 10, 1909, in a suit
against Fernández & Co. brought by the respondent, the Mar-
shal of the District Court of Mayagüez sold a credit against
these debtors, and Agustín Hernández Mena, the respondent,
was a purchaser of the same. The chose in action which
was purchased was a debt or debts which the defendants
and appellants owed to the said firm of Fernández & Co.
This debt or debts arose by reason of a sale or sales made
by the said firm to the defendants. The defenses to the ac-
tion were four: First, that the District Court of Mayagüez
was without jurisdiction because the sums due and owing by
the several defendants were each less than $500; second,
that the complainant and appellee did not sufficiently make
out his case; third, that the action had prescribed by reason
of the fact that the sale or sales made by Fernández & Co.
had been for goods sold.

With respect to this third defense, the defendants did
not name the section of the Civil Code on which they relied,
but alleged here that the facts showed that the action had
prescribed. The fourth defense was that the action had
prescribed by reason of the fact that the defendants were
in a position to pay the obligation to Fernández & Co. on
December 18, 1901.

The answer admits the existence of the debts for which the

complainant sued. There are five defendants and four of them, respectively, owed at the time of the bringing of the suit sums which exceeded $500. The fifth defendant, namely, Elvira Fernández Blanco, at the time of bringing the suit only owed $480.48; hence the District Court of Mayagüez was without jurisdiction as to her. It is a curious fact in this case that while the sums here sought to be recovered appear to be liquidated sums, for which the defendants are severally and not jointly responsible, yet they were all joined in the same action and no objection was made on that ground. Nevertheless, there is nothing in the record which would show that there was any interdependence of the defendants, and for that reason, as intimated, the judgment against Elvira Fernández Blanco will have to be reversed.

With respect to the sufficiency of the proof, it is enough to say that the answer admits the debts; and the complainant offered in evidence the marshal's sale to him as well as a deed of December 18, 1901, wherein the appellants respectively acknowledged to be indebted to Fernández & Co. in the respective sums therein mentioned. The court was justified, on the pleadings and evidence submitted, in finding a judgment against the defendants over whom it had jurisdiction.

With respect to the defense of prescription by reason of the character of the goods sold by Fernández & Co. to the defendants and appellants, the latter alleged that section 1868 of the Civil Code limits this period to three years. However, there was no proof at the trial of the origin of the debts of the appellants. The deed offered in evidence shows that the sum sued upon was a liquidated one in each case. We agree with the appellants that if the facts set forth show a defense of prescription it is unnecessary to refer to the section of the Civil Code under which the defendants and appellants were claimants. Section 128 of the Code of Civil Procedure gives a defendant the privilege of pleading the statute of limitations by referring to it by num-

ber where he does not state the facts, to the section of the code under which he expects to rely. But if he states the facts of the prescription, it is unnecessary to quote the section, although it would be better practice to do so.

· With respect to the fourth defense, namely, that the deed from the appellants. to Fernández & Co. bore date of December 18, 1901, and that the actions had therefore prescribed, the fact clearly appears that these actions are personal ones, the defendants severally acknowledging themselves to be indebted for specific and liquidated sums. Hence, the section of the Civil Code which applies to these actions of prescription would be section 1865 instead of 1868. Therefore the actions have not prescribed, as the period under the former section is 15 years.

With respect to the defendant and appellant, Elvira Fernández Blanco, the judgment must be reversed, and affirmed with respect to the other defendants.

*Decided accordingly.*

Chief Justice Hernández and Justices MacLeary, del Toro, and Aldrey concurred.